IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC BUCKWALTER, | : | Civil Action No. 4:14-CV-1311 |
| | : | |
| Petitioner, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| LANCASTER PROBATION AND PAROLE, PA ATTORNEY GENERAL, DISTRICT ATTORNEY OF CENTRE COUNTY, | : : : : | |
| | : | (Magistrate Judge Schwab) |
| Respondents. | : | |

**ORDER**

February 16, 2017

On July 8, 2014, Petitioner, Eric Buckwalter, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On December 7, 2016 Chief Magistrate Judge Susan E. Schwab, to whom the petition is jointly assigned, issued a report and recommendation recommending that the petition be denied. Petitioner, through counsel, filed objections to the report and recommendation.

Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations."[1] Once filed, this Report and Recommendation is

---

[1] 28 U.S.C. 636(b)(1)(B).

1

disseminated to the parties in the case who then have the opportunity to file written objections.[2] When objections are timely filed, the District Court must conduct a de novo review of those portions of the report to which objections are made.[3] Although the standard of review for objections is de novo, the extent of review lies within the discretion of the District Court, and the court may otherwise rely on the recommendations of the magistrate judge to the extent it deems proper.[4]

For portions of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[5] Regardless of whether timely objections are made by a party, the District Court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[6]

Because I write only for the parties, I will conserve judicial resources and not

---

[2] 28 U.S.C. 636(b)(1).

[3] 28 U.S.C. § 636(b)(1); *Brown v. Astrue,* 649 F.3d 193, 195 (3d Cir.2011).

[4] *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

[5] Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa.2010) (*citing Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir.1987) (explaining that judges should give some review to every report and recommendation)).

[6] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

rehash the thorough and well-written report and recommendation. The Petitioner's objections are overruled, as he has provided no persuasive argument sufficient to find that the magistrate judge erred; there was no due process violation in this matter. The report and recommendation will be adopted in full and the case dismissed.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Petition for Writ of Habeas Corpus is DENIED. July 8, 2014, ECF No. 1.

2. The Report and Recommendation of the Magistrate Judge is ADOPTED in full. December 7, 2016, ECF No. 18.

3. There is no basis for a certificate of appealability to issue.

4. The Clerk is directed to close the case file.

BY THE COURT:

 s/ Matthew W. Brann
Matthew W. Brann
United States District Judge